Douglas C. Northup (Admitted *Pro Hac Vice*)
FENNEMORE CRAIG, P.C.
3003 North Central Avenue, Suite 2600
Phoenix, Arizona  85012-2913
Telephone:  (602) 916-5000
Facsimile:  (602) 916-5999
Email:  dnorthup@fclaw.com

Laurel E. Davis (Nevada Bar No. 3005)
Craig S. Dunlap (Nevada Bar No. 4974)
FENNEMORE CRAIG, P.C.
300 South Fourth Street, Suite 1400
Las Vegas, Nevada  89101
Telephone:  (702) 692-8000
Facsimile:  (702) 692-8099
Email:  ldavis@fclaw.com
Email:  cdunlap@fclaw.com

*Attorneys for Defendants*
*Meritage Homes Corporation and*
*Meritage Homes of Nevada, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JPMorgan Chase Bank, N.A., <br><br> Plaintiff, <br><br> v. <br><br> Meritage Homes Corporation; and Meritage Homes of Nevada, Inc., <br><br> Defendants. | Case No.: 2:11-cv-01364-PMP-(CWH) <br><br> **DEFENDANTS' OPPOSITION TO MOTION OF JPMORGAN AND DEVELOPMENT SPECIALISTS, INC. FOR SUBSTITUTION OF PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(c)** |

Under the guise of effectuating and complying with the Plan[1] (which was confirmed by another court as part of a separate bankruptcy proceeding involving an entity not a party to this litigation), JPMorgan asserts that this Court should allow a wholly unrelated party, Development Specialists, Inc. ("DSI"), to substitute into this case, even though it is clear that such a

---

[1] This Opposition is closely related to Meritage's Response to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment [Doc. 39] and Meritage's Reply in Support of Cross-Motion for Summary Judgment [Doc. 53].  Accordingly, for the purposes of brevity, Meritage incorporates the arguments set forth in those briefs and all capitalized terms not otherwise defined herein shall have the same meaning as in those briefs.

1  substitution is contrary to the applicable law and would violate the very Rule of Civil Procedure
2  under which JPMorgan makes its motion.  Particularly, Rule 25(c) requires that the party seeking
3  substitution demonstrate that there has been a transfer of interest, a requirement that JPMorgan
4  has not and cannot demonstrate, as JPMorgan and the Lenders remain the owners of their claims
5  against Meritage and have only designated DSI as a "sub-Agent."  Further, even if JPMorgan
6  could demonstrate that it and the Lenders sufficiently transferred interest in the claims to DSI
7  (which it cannot), it cannot escape the fact that: (1) JPMorgan (and any "sub-Agent") lacks
8  standing to pursue those claims, which are now moot; and (2) substituting DSI will not serve to
9  expedite or simplify this litigation, which is the primary consideration when applying Rule 25(c).

10  For these reasons, and as set forth below, Meritage requests that the Court deny
11  JPMorgan's Motion.

### A. Substitution Under Rule 25(c) Is Inappropriate Because There Has Been No "Transfer Of Interest" From JPMorgan To DSI.

14  Rule 25(c) is only applicable if there has been a "transfer of interest" from JPMorgan to
15  DSI.  Particularly, Rule 25(c) provides that "[i]n the case of a *transfer of interest* the action may
16  be continued by or against the original party, unless the court upon motion directs the person to
17  whom the interest is transferred to be substituted in the action or joined with the original party."
18  Fed. R. Civ. P. 25(c) (emphasis added).  Although granting substitution of one party in litigation
19  for another under Rule 25(c) is a discretionary matter, a court will abuse that discretion if it
20  allows substitution when there has not been a transfer of interest.  *Chalasani v. State Bank of*
21  *India*, 92 F.3d 1300, 1312 (2nd Cir. 1996) ("Although granting substitution of one party in
22  litigation for another under Rule 25(c) is a discretionary matter for the trial court, *such discretion*
23  *may not be abused by allowing substitution in the absence of a transfer of interest*.") (emphasis
24  added).  Courts have consistently held that Rule 25(c) requires actual proof of the transfer of a
25  *tangible interest*, not just unsupported allegations that a transfer has occurred.  *Id.* (denying
26  motion for substitution under Rule 25(c) where there was "no proof of any transfer or assignment

of a tangible interest from State Bank to Society"); *see also Mulford v. Dep't of Natural Res. & Envtl. Control*, 2007 Del. Super. LEXIS 366 (Del. Super. Ct. Nov. 5, 2007) (finding that "Plaintiffs have not given any indication as to how they have transferred the interest in this litigation to Voss" and noting that "Rule 25(c) allows substitution to a person with an 'interest in, not an interest in the outcome' of, the case").

Practically, when determining whether a transfer of interest has occurred, a court must consider whether the proposed substituted party is the successor in interest to the original plaintiff. *Std. Fed. Bank v. United States*, 51 Fed. Cl. 695, 708 (Fed. Cl. 2002) ("When a court is asked to substitute a party under Rule 25(c), the court proceeds to determine which entity is the successor-in-interest to the original plaintiff."). "The analysis required under Rule 25(c) to determine the successor-in-interest to the original plaintiff is similar to the analysis involved in determining the real party in interest for Rule 17(a) purposes. Both analyses look to substantive state or federal law, rather than a rule specific standard to determine whether a party is a real party in interest under Rule 17(a), or a successor in interest under Rule 25(c)." *Id*.

Under New York law, merely designating a party as an agent is not sufficient for that party to become a real party in interest under Rule 17(a), and therefore, not sufficient to "transfer an interest" under Rule 25(c). *See Vandegrift Forwarding Co. v. Hartford Fire Ins. Co*., 2009 U.S. Dist. LEXIS 27709, *13-18 (E.D.N.Y. Mar. 31, 2009) (finding that shipper's agent was not real party in interest under Rule 17(a) and could not maintain an action under New York law in its own name). Particularly, it is well settled New York law "that an agent cannot maintain an action on a contract in his own name on behalf of his principal unless he is a party to the contract, a transferee, or a holder of an interest in the contract." *Colonial Secur., Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 461 F. Supp. 1159, 1165 (S.D.N.Y. 1978).

For instance, in *Vandegrift Forwarding Co*., 2009 U.S. Dist. LEXIS 27709, *14-18, the court applied substantive New York law and granted the defendant corporation's motion to dismiss, finding that the plaintiff broker was not the real party in interest under Rule 17(a).

1  Specifically, the plaintiff was a customs broker that acted on behalf of several shippers to
2  facilitate the successful importation of commercial goods, which included obtaining bonds from
3  an insurance company. *Id*. at *1-3. After the bonds became ineffectual, the plaintiff broker filed
4  suit against the insurance company seeking repayment of the premiums. *Id*. at *1. The defendant
5  insurance company argued that the plaintiff broker was not the real party in interest because it
6  was merely acting as the agent of the shippers. *Id*. at *2. The court agreed. *Id*. at *12.
7  Particularly, the court noted that the plaintiff was not a real party in interest under Rule 17(a)
8  because the "plaintiff was merely an agent of the shippers[,] … [plaintiff] did not acquire
9  ownership of the premium payments, the authority of [plaintiff] was revocable at any time, and
10 [plaintiff] acted at all times on behalf of the shippers and subject to their control." *Id*. at *14. The
11 court further stated that New York law did not authorize the plaintiff broker to maintain the suit in
12 its own name. *Id*. at *14-17. Particularly, the court noted that the plaintiff broker had not alleged
13 a tangible interest in the underlying contract between the shippers and the defendant insurance
14 company, and the broad scope of the agency granted by the shippers did not, alone, permit the
15 plaintiff broker to maintain the action, which belonged to the shippers. *Id*.

16  JPMorgan's argument in support of substitution is even more tenuous than the one made
17 by the broker plaintiff in *Vandegrift Forwarding Co*. Indeed, DSI was not even JPMorgan's
18 agent in the underlying transaction and instead is nothing more than JPMorgan's recent limited
19 agent—authorized only to be a placeholder in this litigation. JPMorgan admits this much. [*See*
20 Motion p. 3 stating that the interest transferred is merely "the interest of the designated agent in
21 pursuing the Lenders' claim"]. JPMorgan similarly cannot dispute the following facts, all
22 demonstrating that no tangible interest has been transferred to DSI:

- JPMorgan and the Lenders, not DSI, remain the owner of the claims against Meritage. [Motion at 3 ("The Lenders were, and remain, the owners of the claim, and the only change is the identity of the party that has been designated to pursue the claim on their behalf.")].

- DSI will not benefit from any recovery potentially obtained through the litigation. [Motion at 3 n.5 (stating that the Settling Members will be entitled to any recovery

FENNEMORE CRAIG, P.C.
PHOENIX

6542464

- 4 -

from Meritage, not DSI)].

- DSI had no involvement, whatsoever, in the underlying facts of this litigation. For instance, DSI is not a party to the Repayment Guaranty nor did DSI act as JPMorgan's agent at the time the Repayment Guaranty was negotiated or executed. To be clear, the present motion is literally DSI's first involvement in this litigation.

- JPMorgan did not assign its claims or any interest in its claims to DSI. [Motion at 3 (stating that the Lenders maintain ownership of the claim)].

- DSI is not in control of the litigation and has no authority to settle or dismiss JPMorgan's claims. [Motion at 3 n.5 (stating that DSI must act in accordance with the Settling Members' instructions); Plan[2] at 3.4(F) (stating that DSI must act in accordance with the Settling Members' instructions, including with respect to settlement)].

- DSI is not funding the litigation and has no liability for any actions taken during the litigation or for JPMorgan's liabilities with respect to the Repayment Guaranty. [Plan at 3.4(F) (stating that the litigation will be funded and directed solely by the Settling Members)].

As the case law and these facts illustrate, there is simply no "transfer of interest" from JPMorgan to DSI sufficient to satisfy the requirement set forth in Rule 25(c). Accordingly, even if JPMorgan had standing to pursue the claims which are the subject of this action, the substitution of DSI would be wholly inappropriate and the Court should deny JPMorgan's motion.

**B.    JPMorgan Lacks Standing To Pursue Its Claims; Therefore, Substitution Under Rule 25(c) Is Inappropriate.**

Rule 25(c) is merely a procedural rule that cannot substantively affect the underlying litigation. *In re Countrywide Fin. Corp. Derivative Litig.*, 581 F. Supp. 2d 650, 653 n.1 (D. Del. 2008). As set forth in Meritage's briefing on its Cross-Motion for Summary Judgment, the Court should summarily dismiss JPMorgan's claims against Meritage as a matter of law because there is no dispute that JPMorgan and the Lenders have been paid all of the amounts JPMorgan seeks to recover against Meritage, therefore, JPMorgan lacks the constitutional requirement that there be a

---

[2] A copy of the Plan is Exhibit 1 to the Confirmation Order entered on October 27, 2011 by Bruce A. Markell of the United States Bankruptcy Court for the District of Nevada (Bankr. D. Nev. Oct. 27, 2011, ECF No. 1335).

live case or controversy throughout the litigation, and an injury-in-fact, and has therefore lost its standing to pursue its claims. [*See generally* Docs. 39 and 53]. Rule 25(c) simply cannot supply jurisdiction where, as here, the constitutional requirements for standing are plainly lacking.

For instance, in *In re Countrywide Fin. Corp. Derivative Litig.*, 581 F. Supp. 2d at 651, the plaintiff shareholders filed derivative suits against the defendant corporation. The corporation underwent a merger, which resulted in the closing of all of the defendant corporation's outstanding shares, including those owned by the plaintiff shareholders. *Id*. at 652. The defendant corporation filed a motion to dismiss the plaintiff shareholders' claims for lack of standing based on established Delaware law which held that shareholders in a derivative suit lost standing following an event that resulted in the loss of their shareholder status. *Id*. The plaintiff shareholders argued that the suit should not be dismissed because the merger was merely a transfer of interest under Rule 25(c). *Id*. at 653, n.1. The court disagreed, finding that "rule 25(c) is designed as a procedural rule only and should not be applied where it would substantively affect the underlying lawsuit." *Id*. Put another way, the court found that Rule 25(c) could not save the plaintiff shareholders' claims because the plaintiff shareholders lost standing to pursue those claims. *Id*. Consequently, the court granted the defendant corporation's motion to dismiss for lack of standing. *Id*.; *see also* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts ….").

Similarly, Rule 25(c) cannot save JPMorgan's claims from dismissal for lack of standing and mootness. Notably, as set forth in Section A, *supra*, this is not a case in which DSI is seeking substitution because DSI paid JPMorgan in exchange for an assignment of JPMorgan's claims. Instead, by filing this Motion, JPMorgan takes the untenable position that (1) it can accept payment from third parties for all of the amounts allegedly owed to it under Meritage's Repayment Guaranty; yet (2) maintain a lawsuit to recover those very same amounts; but (3) in order to avoid prosecuting those claims in its own name, it can designate a wholly unrelated party to pursue the now mooted lawsuit; even though (4) JPMorgan admittedly maintains full

FENNEMORE CRAIG, P.C.
PHOENIX

6542464

- 6 -

ownership of those claims (yet lacks standing to pursue them). This set-up is illogical and should not be allowed.

**C. Substitution Under Rule 25(c) Is Inappropriate Because It Will Not Expedite Or Simplify This Litigation.**

Even if JPMorgan could establish that it transferred some interest to DSI (which it cannot), and that it somehow retains standing in this action (which it does not), the Court should still deny its Motion. "The primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action." *Advanced Marketing Group, Inc. v. Business Payment Systems, LLC*, 269 F.R.D. 355, 359 (S.D.N.Y. 2010); *Patsy's Italian Rest., Inc. v. Banas*, 2008 U.S. Dist. LEXIS 12350, *8 (E.D.N.Y. Feb. 20, 2008) ("the Court's main consideration in deciding a Rule 25(c) motion is whether joinder will expedite and simplify the action").

For instance, in *Advanced Marketing Group, Inc.*, a company moved under Rule 25(c) to substitute itself for a defunct entity as the named party in an action between a corporation and the defunct entity. 269 F.R.D. at 358. The court denied the motion because it was not persuaded that the substitution would expedite and simplify the action. *Id*. at 359. Particularly, the court believed the proposed substitution would instead "do just the opposite," as it would "lengthen and complicate what is, at its core, a contractual dispute between two companies, one of which has defaulted." *Id*.

Here, as set forth above, the resolution of JPMorgan's claims is extraordinarily simple: the Court should dismiss JPMorgan's claims because JPMorgan lacks standing and its claims are now moot. Substituting DSI will not and cannot change this outcome. *See In re Estate of Eretsian*, 202 N.Y.S.2d 501, 502 (N.Y. Sur. Ct. 1960) (stating that principals "may not place an assignee in a better position than they themselves enjoy as principles"); Restatement (Third) of Agency § 3.04 cmt. B (2011) ("The capacity to do a legally consequential act by means of agent is coextensive with the principal's capacity to do the act in person."). Thus, allowing substitution

FENNEMORE CRAIG, P.C.
PHOENIX

6542464

will only add an unnecessary procedural layer which can be wholly avoided. In fact, the Court need not even reach JPMorgan's request to substitute, as it should simply grant Meritage's Cross-Motion for Summary Judgment, thereby dismissing JPMorgan's claims and mooting JPMorgan's request for substitution.

Further, even if the Court is not inclined to dismiss JPMorgan's claims as a matter of law, substitution in this case will still not expedite or simplify the action. On the contrary, the substitution of DSI will only serve to complicate the litigation. Significantly, JPMorgan is the party that negotiated, executed and has taken steps to enforce the Repayment Guaranty. JPMorgan is also, admittedly, still the owner of its claims against Meritage. Why, then, should Meritage be forced to defend itself against DSI, a party with no knowledge of the underlying facts and no interest in the outcome of the litigation? In fact, this arrangement will result in a host of complexities and unanswered questions, e.g., to whom should Meritage direct discovery, and will JPMorgan's statements be binding on DSI and vice versa? Further, JPMorgan asserts that it will remain a party to the lawsuit for the sole purpose of defending against Meritage's counterclaims. Thus, DSI's substitution would add another party to this litigation—something that will undoubtedly complicate this action. Accordingly, even if the Court had the discretion to allow substitution (which it does not), the Court should not exercise that discretion because substitution will not expedite or simplify the litigation.

**D. The Bankruptcy Court's Order Cannot Force This Court To Allow A Substitution.**

JPMorgan argues that the Plan requires this Court to exercise its discretion and allow DSI to be substituted as the plaintiff in this action. The Plan does no such thing. Indeed, the Plan only provides that the Lenders agree to "direct … a sub-Agent … to pursue" the claims against Meritage. [Plan at 3.4(F)]. It does not require this Court to allow DSI to substitute into already-pending litigation, nor could it. Indeed, there is no support for the argument that, by confirming a reorganization plan, the bankruptcy court has the authority to either overrule Rule 25(c)'s

1  requirement of a transfer of interest, or dictate how this Court exercises its discretion with respect
2  to substitution.  JPMorgan's threats to seek "remedies" against Meritage for refusing to stipulate
3  to the substitution are equally absurd.  [Motion at 1 n.1].  Indeed, JPMorgan and the Settling
4  Members concocted, proposed and supported the Plan, recognizing all along that the Plan may
5  impact the viability of the claims against Meritage.  Meritage and this Court should not be forced
6  to simply "go along" with JPMorgan and the Settling Members under the guise that they are
7  merely seeking to effectuate the Plan, even when such "effectuation" is plainly contrary to the
8  law and the request to substitute DSI represents a transparent and desperate attempt to preserve
9  claims which JPMorgan knows it cannot maintain.

**E.     Conclusion.**

As set forth above, Meritage requests that the Court deny JPMorgan's Motion because (1) there is no transfer of interest under Rule 25(c) from JPMorgan to DSI; (2) both JPMorgan and DSI lack standing to pursue the claims against Meritage, as they are now moot; and (3) substituting DSI will not serve to expedite or simplify this litigation, which is the primary consideration when applying Rule 25(c).

DATED this 29th day of December, 2011.

FENNEMORE CRAIG, P.C.


By */s/ Douglas C. Northup*
   Douglas C. Northup
   Laurel E. Davis
   Craig S. Dunlap
   *Attorneys for Defendants*
   *Meritage Homes Corporation and*
   *Meritage Homes of Nevada, Inc.*

FENNEMORE CRAIG, P.C.
PHOENIX

6542464

# CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2011, I electronically transmitted the foregoing **Defendants' Opposition to Motion of JPMorgan and Development Specialists, Inc. for Substitution of Parties Pursuant to Federal Rule of Civil Procedure 25(c)** to the Clerk's Office using the CM/ECF system for filing and service via transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

James E. Hough
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY  10104
Email:  jhough@mofo.com
*Counsel for JPMorgan Chase Bank, N.A.*

Robert M. Charles, Jr.
Lewis and Roca LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169-5996
Email:  rcharles@LRLaw.com
*Counsel for JPMorgan Chase Bank, N.A*

/s/ Phyllis Warren
An employee of Fennemore Craig, P.C.