UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| INSOLVENCY SERVICES GROUP, INC., | ) ) ) | 2:11-CV-01364-PMP-RJJ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MERITAGE HOMES CORPORATION and MERITAGE HOMES OF NEVADA, INC., | ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

Presently before the Court is Plaintiff Insolvency Services Group, Inc.'s ("ISG") Motion for Attorneys' Fees (Doc. #123), filed on July 22, 2013. Defendants Meritage Homes Corporation and Meritage Homes of Nevada, Inc. (together, "Meritage") filed an Opposition (Doc. #124) on August 8, 2013. ISG filed a Reply (Doc. #125) on August 19, 2013.

**I. BACKGROUND**

The parties are familiar with the facts of this case, and the Court will not repeat them here except where necessary. Plaintiff ISG, as sub-agent to Administrative Agent JPMorgan Chase Bank, N.A. ("JPMorgan"), moves for attorney's fees incurred in enforcing the Repayment Guaranty. ISG argues the Repayment Guaranty contractually provides for an award of attorney's fees incurred in connection with enforcing the Guaranty, and ISG requests a total of $1,134,042.08. ISG contends the hours expended were reasonable given the complex, hard fought issues raised in the parties' extensive litigation over the Repayment Guaranty in this action, an action in Ohio that was transferred to this Court, and

in the South Edge bankruptcy proceeding. ISG also argues the level of success it achieved weighs in favor of the reasonableness of the hours expended. Finally, ISG argues the hourly rates of counsel are reasonable in light of the attorneys' skill, experience, and training for attorneys with nationwide practices, including in Los Angeles, New York, and Nevada.

Meritage responds that ISG improperly seeks to recover attorney's fees incurred in the South Edge bankruptcy proceeding, which Meritage contends did not involve enforcing the Repayment Guaranty. Meritage also argues ISG cannot recover fees incurred in the Ohio action because ISG was not a prevailing party in that action where the parties stipulated to dismiss the case. Meritage further contends it is not liable for fees incurred by ISG because Meritage agreed under the Repayment Guaranty to pay fees incurred by JPMorgan or its assignee, and ISG is not JPMorgan's assignee. According to Meritage, it did not agree in the Repayment Guaranty to pay attorney's fees incurred by JPMorgan's sub-agent.

Alternatively Meritage argues that even if it must pay ISG's fees, ISG improperly seeks fees ISG incurred before ISG was substituted into this case, as well as fees incurred by JPMorgan after ISG was substituted into the case and after JPMorgan's counsel ceased to be counsel of record in this case. Finally, Meritage contends the Court should make various reductions to the fees because the requested rates are unreasonable for the District of Nevada, counsel spent an unreasonable amount of time on some tasks, and counsel block-billed.

ISG responds that it is entitled to fees arising from the South Edge bankruptcy because part of that proceeding involved Meritage's efforts to release itself from liability under the Repayment Guaranty. ISG also argues it does not seek all fees incurred in the bankruptcy proceeding. Instead it seeks only fifty percent of fees incurred by JPMorgan related to Meritage's appeal of the confirmation order, through which Meritage sought to

avoid liability under the Repayment Guaranty. ISG contends it is entitled to fees incurred in the Ohio action because under the Repayment Guaranty's terms, ISG need not be the prevailing party to be entitled to fees. ISG contends it nevertheless was the prevailing party because the parties stipulated that the Ohio action was substantially identical to this case and was resolved by the Court's summary judgment rulings in this case.

ISG further contends it is entitled to recover fees it incurred once it was substituted as the plaintiff in this action because the Credit Agreement, to which Meritage was a party, allowed for JPMorgan to act through a sub-agent. ISG also argues it is entitled to fees it incurred once it was appointed sub-agent, even if that pre-dated the time it was substituted as the plaintiff in this action. ISG asserts it also may collect fees incurred by JPMorgan after the substitution because JPMorgan continued to own the right to repayment under the Guaranty.

Finally, ISG contends the rates charged are reasonable because the relevant community consists of large law firms handling complex litigation, the rates charged were reasonable for Nevada, and the complexity of the case weighs in favor of an upward adjustment. ISG also argues the hours expended were reasonable and the use of block billing did not result in any overstatement of the hours reasonably expended.

**II. DISCUSSION**

**A. South Edge Bankruptcy**

ISG seeks to recover fifty percent of the fees it incurred in opposing Meritage's appeal of the bankruptcy court's Confirmation Order in the South Edge bankruptcy proceeding. A review of the record in the South Edge bankruptcy appeal demonstrates that several issues in the appeal revolved around Meritage's efforts to be relieved of liability under the Repayment Guaranty, and JPMorgan's related efforts to maintain its ability to enforce the Repayment Guaranty against Meritage. (See In re South Edge, LLC, 2:11-CV-01963-PMP-PAL, Appellant's Opening Br. (Doc. #16), Appellee's Opening Br. (Doc. #28),

3

Appellant's Reply Br. (Doc. #34), Order (Doc. #40).)  The right to recover attorney's fees under the Repayment Guaranty does not apply only in a direct action by JPMorgan to enforce the Guaranty.  Rather, the Repayment Guaranty states that JPMorgan is entitled to recover fees incurred "in connection with the performance or enforcement of this Guaranty."  (Mot. for Attorneys' Fees, Decl. of Bruce Van Dalsem, Ex. C at 6.)  The issues litigated in the appeal of the Confirmation Order were in connection with the performance or enforcement of the Repayment Guaranty.  Additionally, the Court finds ISG's request for fifty percent of fees incurred as appropriate.  At least half of the issues raised in the appeal were related, directly or indirectly, to the performance or enforcement of the Guaranty.  The Court therefore rejects Meritage's argument that ISG categorically cannot recover fifty percent of the fees incurred in the South Edge bankruptcy appeal proceeding.

### B.  Ohio Action

The Ohio action likewise was litigated in connection with the performance or enforcement of the Repayment Guaranty, as Meritage sought declaratory relief regarding the parties' rights and obligations under the Guaranty.  (Meritage Homes Corp. v. JPMorgan Chase Bank, N.A., 2:12-CV-01464-PMP-CWH, Compl. (Doc. #1-4) at 15-17.)  Assuming the Repayment Guaranty would require JPMorgan to be a prevailing party to recover fees, JPMorgan prevailed in the Ohio action.  Following this Court's ruling on the summary judgment motions in this action, the parties stipulated to dismiss the Ohio action because the Ohio action was "substantially identical to" this case, and the Court had granted summary judgment in JPMorgan's favor in this case.  (Meritage Homes Corp. v. JPMorgan Chase Bank, N.A., 2:12-CV-01464-PMP-CWH, Order on Stip. (Doc. #17) at 1 ¶¶ 7-8, 2 at ¶ 1.)  Fees incurred in the Ohio action therefore were incurred in connection with the performance and enforcement of the Repayment Guaranty, and JPMorgan prevailed in that action.  The Court therefore rejects Meritage's argument that ISG categorically cannot recover fees incurred in the Ohio action.

### C.  ISG's Fees

Meritage argues that under the Repayment Guaranty, it must pay only JPMorgan's fees, not any fees incurred by JPMorgan's sub-agent.  Section 15 of the Repayment Guaranty provides that Meritage "shall reimburse the Administrative Agent on demand for all costs, expenses and charges (including without limitation fees and charges of external legal counsel for the Administrative Agent and costs allocated by its internal legal department) incurred by the Administrative Agent in connection with the performance or enforcement of this Guaranty."  (Mot. for Attorneys' Fees, Decl. of Bruce Van Dalsem, Ex. C at 6.)  The Repayment Guaranty defines "Administrative Agent" as "JPMorgan Chase Bank, as Administrative Agent . . . for the benefit of the Lenders under the Credit Agreement . . . ."  (Id. at 1.)  Pursuant to the Credit Agreement, JPMorgan was entitled to "perform any and all its duties and exercise its rights and powers by or through any one or more sub-agents appointed by the Administrative Agent."  (Mot. for Attorneys' Fees, Decl. of Bruce Van Dalsem, Ex. F. at 88.)  Because the Repayment Guaranty defines the Administrative Agent to whom Meritage will owe fees as the Administrative Agent under the Credit Agreement, and the Credit Agreement allows for the Administrative Agent to perform its duties and exercise its rights through a sub-agent, Meritage agreed that it would pay fees incurred by JPMorgan and by its sub-agent, if one were appointed.  The Court therefore rejects Meritage's argument that ISG cannot recover fees it incurred, as opposed to fees incurred only by JPMorgan.

### D.  ISG's Fees Prior to Being Substituted as Plaintiff/JPMorgan's Fees After ISG Was Substituted as Plaintiff

The Repayment Guaranty's terms do not require that JPMorgan or its sub-agent be a party to a pending lawsuit to be entitled to fees.  JPMorgan and its sub-agent may incur fees in connection with the performance or enforcement of the Repayment Guaranty even if they are not named parties in a lawsuit.  Meritage does not argue or present evidence that

the requested fees were not incurred in connection with the enforcement of the Repayment Guaranty. The Court therefore rejects Meritage's argument that either ISG's or JPMorgan's right to recover fees is dependent on when ISG was substituted for JPMorgan as the named plaintiff.

### E. Reasonable Rates and Hours

The Repayment Guaranty is governed by New York law. (Mot. for Attorneys' Fees, Decl. of Bruce Van Dalsem, Ex. C at 6, § 18.) Under New York law, when a party is entitled to attorney's fees pursuant to a contract, "[a]n award of attorneys' fees pursuant to such a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered." SO/Bluestar, LLC v. Canarsie Hotel Corp., 33 A.D.3d 986, 988 (N.Y. App. Div. 2006) (quotation omitted). An award of reasonable attorney's fees lies within the Court's discretion based on factors such as the time and labor required; the difficulty of the issues; counsel's experience, ability, and reputation; the amount in controversy; "the customary fee charged for such services"; and "the results obtained." In re Goliger, 58 A.D.3d 732, 732-33 (N.Y. App. Div. 2009) (quotation omitted). Generally, an attorney's fee award "must be based upon a showing of the hours reasonably expended . . . and the prevailing hourly rate for similar legal work in the community." Gamache v. Steinhaus, 7 A.D.3d 525, 527 (N.Y. App. Div. 2004) (quotation omitted). The party seeking a fee award must present sufficient evidence from which the Court can "make an informed assessment of the reasonable value of the legal services rendered." SO/Bluestar, LLC, 33 A.D.3d at 988 (quotation omitted).

The parties dispute the reasonableness of the requested rates, in large part because they dispute what constitutes the relevant community by which to measure those rates. ISG contends that the relevant community consists of attorneys with nationwide practices, including New York, Los Angeles, and Nevada. ISG requests hourly rates as high as $950 per hour from attorneys from Morrison & Foerster; as high as $850 per hour

from attorneys at Stutman, Treister & Glatt PC; and as high as $850 per hour from attorneys at Quinn Emanuel Urquhart & Sullivan, LLP.  Meritage, on the other hand, contends Nevada is the relevant community, and the only evidence before the Court indicates Nevada hourly rates range from $475 to $490.

The Court agrees with Meritage that Nevada is the relevant community. JPMorgan brought this suit in Nevada, and most of the related litigation, including the South Edge bankruptcy proceeding, likewise took place in Nevada.  Under certain circumstances, it may be reasonable to include within the relevant community the rates of attorneys outside the geographic bounds of the community in which the Court sits.  For example "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997) (quotation omitted).  However, the Court is not persuaded that the requested rates for attorneys in Los Angeles and New York, which vastly exceed the prevailing rates in Nevada, are reasonable.

ISG argues the out-of-state rates are reasonable because JPMorgan employed these attorneys in prior disputes regarding South Edge, and the attorneys thus had extensive knowledge of the South Edge disputes.  JPMorgan's choice to employ attorneys from New York and Los Angeles in prior litigation does not mean it was reasonable to employ attorneys in this case at far above prevailing Nevada market rates.  The Court has before it no evidence that JPMorgan and ISG could not have secured able Nevada counsel to represent them in this case as well as in the other related disputes in Nevada.  Rather, the declaration of Robert M. Charles, Jr., a Nevada attorney with decades of experience in commercial litigation and business bankruptcy matters, suggests JPMorgan and ISG could have found counsel in Nevada with the requisite experience, expertise, and specialization who charged the prevailing market rate. (Mot. for Attorneys' Fees, Decl. of Robert M. Charles, Jr.)

1    Additionally, ISG and JPMorgan argue that because the Repayment Guaranty is
2 governed by New York law, knowledge of New York law was required.  However, ISG has
3 not shown that Nevada counsel such as Mr. Charles, who likewise has a nationwide
4 practice, could not have researched New York law.  Finally, while ISG argues rates as high
5 as those requested in this case have been approved in Nevada for complex litigation, the
6 Court previously rejected requested rates of $775 per hour as "high when compared to
7 prevailing market rates in Nevada," although the Court ultimately approved a rate of $600
8 per hour.  In re USA Commercial Mortg. Co., 802 F. Supp. 2d 1147, 1180-81 (D. Nev.
9 2011).

10   The Court finds the requested rates well above a reasonable hourly rate for
11 Nevada attorneys based on the evidence before the Court.  However, the attorneys'
12 familiarity with the prior litigation, their experience, the complexity of the issues which
13 were heavily litigated on multiple fronts, the substantial amount at issue, and the level of
14 success achieved weigh in favor of adjusting the hourly rate upward.  The Court, in its
15 discretion, therefore will allow the highest billing attorneys to bill at the rate of $600 per
16 hour, in line with an approved Nevada rate for complex, high-stakes commercial litigation
17 as found in USA Commercial Mortgage.[1]  However, the Court will cap all other attorneys at
18 $490 per hour, in line with the evidence before the Court of the prevailing rate in Nevada.
19 Additionally, the Court will allow all attorneys who billed less than $490 to bill at their
20 usual rate.  Accordingly, the Court approves the following hourly rates:

**Ulmer & Berne LLP**

| | |
|---|---|
| Alexander M. Andrews | $315.00 |
| Michael Ungar | $315.00 |
| Todd Atkinson | $208.00 |

---

[1] The Court also will allow Brent Gardner to bill at his rate of $545.00.

|   |   |   |
|---|---|---|
| 1 | Christine Watchorn | $208.00 |
| 2 | **Lewis and Roca** | |
| 3 | Robert M. Charles, Jr. | $475-490.00 (as billed) |
| 4 | Brent Gardner | $545.00 |
| 5 | M. Schoenike | $205.00 |
| 6 | **Morrison & Foerster LLP** | |
| 7 | James E. Hough | $600.00 |
| 8 | Mark Edelstein | $600.00 |
| 9 | Larry Engel | $600.00 |
| 10 | Brian Matsui | $490.00 |
| 11 | Larren Nashelsky | $600.00 |
| 12 | Norman Rosenbaum | $490.00 |
| 13 | Marc Young | $600.00 |
| 14 | Melissa Crespo | $380.00 |
| 15 | Leda Moloff | $430.00 |
| 16 | James Newton | $445.00 |
| 17 | Erica Richards | $490.00 |
| 18 | Emily Richman | $490.00 |
| 19 | Jonathan Rothberg | $490.00 |
| 20 | Jordan Wishnew | $490.00 |
| 21 | **Stutman, Treister & Glatt PC** | |
| 22 | K. John Shaffer | $600.00 |
| 23 | Eve Karasik | $490.00 |
| 24 | Marina Fineman | $490.00 |
| 25 | /// | |
| 26 | /// | |

**Quinn Emanuel Urquhart & Sullivan, LLP**

| | |
|---|---|
| Bruce E. Van Dalsen | $600.00 |
| Michael Lifrak | $490.00 |
| Adam Wolfson | $490.00 |
| Joseph Sarles | $490.00 |
| Paul Slattery | $290.00-430.00 (as billed) |

As to the reasonable hours expended, the Court will not reduce the requested hours for block billing. Although counsel block-billed, Meritage has identified only one entry where Meritage contends the tasks listed would not support the total time requested. The only objection Meritage specifically mentions is time spent preparing for a hearing in Ohio. However, the Court does not find the time spent preparing for this hearing excessive, particularly considering the importance of the hearing in the Ohio action and the level of success JPMorgan achieved in the Ohio action. The Court also will not reduce the hours based on Meritage's argument that ISG's counsel spent duplicative time becoming familiar with the case. Meritage points to no particular entries which would support a finding that time unnecessarily was spent by counsel becoming familiar with the case. The Court has reviewed the billing entries individually, and as a collective whole, and finds the hours expended reasonable given the complexity and hard-fought nature of this matter.

**F.  Summary**

Pursuant to the terms of the Repayment Guaranty, ISG is entitled to recover fees incurred in the South Edge bankruptcy appeal and the Ohio action. Additionally, ISG may recover fees incurred by ISG as sub-agent, and may recover fees incurred by ISG and JPMorgan both before and after ISG formally was substituted into this case.

The Court will adjust the hourly rates requested to reflect the reasonable rates of the relevant community. However, the Court finds the requested hours are reasonable. The Court will order ISG to prepare a form of order consistent with the Court's rulings as

detailed more fully throughout this Order.

**III.  CONCLUSION**

      IT IS THEREFORE ORDERED that Plaintiff Insolvency Services Group, Inc.'s ("ISG") Motion for Attorneys' Fees (Doc. #123) is hereby GRANTED in part and DENIED in part, as set forth in this Order.

      IT IS FURTHER ORDERED that Plaintiff Insolvency Services Group, Inc. shall submit a proposed form of order consistent with this Court's rulings as detailed in this Order on or before February 27, 2014.

DATED: January 28, 2014

                              PHILIP M. PRO
                              United States District Judge