1  Douglas C. Northup (Admitted *Pro Hac Vice*)
2  FENNEMORE CRAIG, P.C.
   2394 E. Camelback Road, Suite 600
3  Phoenix, Arizona 85016-3429
   Telephone: (602) 916-5000
4  Facsimile: (602) 916-5999
   Email: dnorthup@fclaw.com
5
6  *Attorney for Defendants*
   *Meritage Homes Corporation and*
7  *Meritage Homes of Nevada, Inc.*

8                UNITED STATES DISTRICT COURT

9                     DISTRICT OF NEVADA

10 INSOLVENCY SERVICES GROUP, INC.,       Case No.: 2:11-cv-01364-JAD-(CWH)

11            Plaintiff,                   (Rule 62(d), F.R.Civ.P.; Local Rule 65.1)

12       v.                               Bond No. SU 1120744

13 MERITAGE HOMES CORPORATION; and        **Stipulation and Order Partially**
   MERITAGE HOMES OF NEVADA, INC.,        **Exonerating Surety and Discharging**
14                                        **Bond Obligation**
            Defendants.
15

16

17        This stipulation is entered into by and between Meritage Homes Corporation and

18 Meritage Homes of Nevada, Inc. ("Meritage") and Insolvency Services Group, Inc.

19 ("Insolvency"), by and through their undersigned counsel, with reference to the following

20 facts:

21
22        1.  Pursuant to the Court's July 17, 2013 Order on Supersedeas Bond (Doc. 119),

23            Meritage posted a supersedeas bond in the amount of $16,050,604.03 (the

24            "Meritage Bond").

25
26

2.  The parties subsequently stipulated to an amended supersedeas bond in the amount of $16,930,476.96 (the "Amended Meritage Bond") (Doc. 135), which replaced the Meritage Bond. The Court approved the Amended Meritage Bond, (Doc. 136), which was posted, (Doc. 137).

3.  The parties stipulate that $16,445,278.69 of the Amended Meritage Bond may be discharged and that the surety that issued the Amended Meritage Bond, Arch Insurance Company, shall only remain obligated to pay the amount remaining on the Amended Meritage Bond, $485,198.27 (the "Remaining Bonded Amount"), should Meritage fail to pay any award of attorneys' fees issued by the Court of Appeals. Should the Court of Appeals decline to award attorneys' fees (or should the district court decline to award attorneys' fees if the Court of Appeals declines to hear the presently pending request), the parties stipulate that the Remaining Bonded Amount shall be automatically discharged and that Arch Insurance Company shall be exonerated from any and all liability thereunder.

4.  Accordingly, the parties stipulate that the Court issue the order that follows the signatures of counsel below.

DATED this 25th day of January, 2016.

FENNEMORE CRAIG, P.C.

By: /s/ Douglas C. Northup
        Douglas C. Northup

        *Attorney for Defendants Meritage Homes*
        *Corporation  and Meritage Homes of*
        *Nevada, Inc.*

2

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Bruce E. Van Dalsem* (with permission)
    Bruce E. Van Dalsem
    Michael T. Lifrak

*Attorneys for Plaintiff Insolvency Services Group, Inc.*

## ORDER

Based on the parties' stipulation [ECF 146], IT IS HEREBY ORDERED that $16,445,278.69 of the $16,930,476.96 supersedeas bond filed on April 22, 2014, and issued by Arch Insurance Company (ECF 137) (the "Amended Meritage Bond") is hereby DISCHARGED.  Arch Insurance Company remains obligated to pay the remaining bonded amount ($485,198.27) only if Meritage fails to pay any award of attorneys' fees ordered by the Court of Appeals.  If the Court of Appeals declines to award any attorneys' fees (or the Court of Appeals declines to hear the pending request and the district court also declines to award attorneys' fees), the remaining $485,198.27 will be discharged and Arch Insurance Company will be exonerated from any and all liability on the Amended Meritage Bond.

February 17, 2016

_____
Jennifer Dorsey
United States District Court

3